**AMERICAN ALLIANCE INSURANCE COMPANY, Appellant,**

v.

**FRITO–LAY, INC. & Pepsico, Inc., Appellees.**

No. 05–89–01234–CV.

Court of Appeals of Texas, Dallas.

March 23, 1990.

Rehearing Denied April 27, 1990.

Mark C. Hill, Richard A. Capshaw, Dallas, for appellant.

Chester J. Hinshaw, Patricia V. Villareal, Thomas B. Green, Dallas, for appellees.

## OPINION

Before WHITHAM, ROWE and BAKER, JJ.

BAKER, Justice.

American Alliance Insurance Company appeals the trial court's order enjoining it from pursuing a declaratory cause of action against Frito–Lay and Pepsico (Frito–Lay) in a New York court. It argues that although Frito–Lay has a suit pending in Texas concerning American Alliance's duty to defend Frito–Lay, that cause does not affect American Alliance's right to prosecute a declaratory action in New York on its duty to indemnify Frito–Lay. We agree. We reverse the trial court's judgment and dissolve the temporary injunction.

In 1984, Proctor & Gamble sued Frito–Lay and Pepsico in Delaware on various theories including patent infringement and unfair competition. Subsequently, Frito–Lay made demand on its primary insurer, National Union Insurance Company, and its excess insurer, American Alliance, to defend it. Both companies refused to defend and this Texas suit ensued. On September 1, 1989, American Alliance brought a declaratory action in New York asserting that it is not liable to indemnify Frito–Lay in its underlying settlement with Proctor and Gamble. Thereafter, Frito–Lay amended its petition in this Texas suit asserting its right to indemnity. Then, Frito–Lay sought and the trial court entered an order enjoining American Alliance from pursuing its declaratory action in New York.

In reviewing a temporary injunction, the determination is whether the trial court abused its discretion in issuing the injunction. *Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981). Texas courts are empowered to issue injunctions to prevent parties from going forward with litigation in a sister state. *Moton v. Hull*, 77 Tex. 80, 13 S.W. 849 (1890). However, the principle of comity requires that courts exercise this equitable power sparingly and only in very special circumstances. *Gannon v. Payne*, 706 S.W.2d 304, 306 (Tex.1986). A party seeking to enjoin an out-of-state lawsuit must show that: (1) the subsequent suit involves the same cause of action; and (2) a clear equity demands the Texas court's intervention. *See Christensen v. Integrity Ins. Co.*, 719 S.W.2d 161, 163 (Tex.1986); *Gannon*, 706 S.W.2d at 305–07; *Gurvich v. Tyree*, 694 S.W.2d 39, 43–44 (Tex.App.—Corpus Christi 1985, no writ); *New Process Steel Corp. v. Steel Corp. of Texas*, 638 S.W.2d 522, 524 (Tex.App.—Houston [1st Dist.] 1982, no writ); *PPG Industries, Inc. v. Continental Oil Co.*, 492 S.W.2d 297, 299–300 (Tex.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.).

American Alliance contends that its New York suit involves its duty to indemnify and that Frito–Lay's Texas suit involves its duty to defend. American Alliance contends that the causes of action are not the same. It argues that its duty to indemnify action was first in time and that the trial court abused its discretion in entering the temporary injunction. We agree.

In Texas, the duty to defend and duty to indemnify are distinct and separate duties creating distinct and separate causes of action. *See Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633, 635–36 (Tex.1973); *Heyden Newport Chemical Corp. v. Southern General Ins. Co.*, 387 S.W.2d 22, 24–25 (Tex.1965). Texas courts follow the "Eight Corners" or "Complaint Allegation" rule when determining the duty to defend action. This rule requires the trier of fact to examine only the allegations in the complaint and the insurance policy in determining whether a duty to

defend exists. *Feed Store, Inc. v. Reliance Ins. Co.*, 774 S.W.2d 73, 74 (Tex. App.—Houston [14th Dist.] 1989, writ denied); *Dorchester Development Corp. v. Safeco Ins. Co.*, 737 S.W.2d 380, 382 (Tex. App.—Dallas 1987, no writ). The duty to defend is not affected by facts ascertained before suit, developed in the process of litigation, or by the ultimate outcome of the suit. *Argonaut*, 500 S.W.2d at 636; *Heyden*, 387 S.W.2d at 24. In contrast, the duty to indemnify is based, not upon the pleadings, but upon the actual facts which underlie and result in the liability. *Heyden*, 387 S.W.2d at 25.

The record reflects and Frito–Lay concedes that when American Alliance filed its duty to indemnify action in New York, there was no such action pending in a Texas court. We conclude that the trial court abused its discretion in enjoining American Alliance from pursuing its duty to indemnify action in New York. *See Christensen*, 719 S.W.2d at 164.

We reverse the trial court's judgment and order the temporary injunction dissolved.