**CAPITAL BANK f/k/a Jacinto City Bank, Appellant,**

v.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY and Its Agent, Commonwealth Land Title Insurance Company of Houston, Appellees.**

No. 01–91–00190–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1993.

Boude E. Storey, II & Associates, Craig R. Denum, Houston, for appellant.

Darryl Fanelli, Houston, for appellee.

Before O'CONNOR, DUGGAN and DUNN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from the entry of a take-nothing judgment following a nonjury trial in a suit arising from an insurer's refusal to defend under a title insurance policy.

In its sole point of error, plaintiff/appellant, Capital Bank, formerly known as San Jacinto Bank (Capital), asserts the trial court erred in granting a take-nothing judgment in favor of defendant/appellee, Commonwealth Land Title Insurance Company and its agent, Commonwealth Title Insurance Company of Houston (Commonwealth), "before the plaintiff had an opportunity to present its evidence and rest."

Capital was a lender/mortgagee and the insured party under a mortgagee's policy of title insurance issued by Commonwealth on February 22, 1983. Commonwealth refused Capital's demand that it defend, under the policy, a tendered lawsuit against Capital. Capital sued Commonwealth, asserting causes of action for breach of contract, violation of article 21.21 of the Texas Insurance Code, and breach of Commonwealth's duty of good faith and fair dealing.

### The nonjury trial proceeding

The trial court called for and received announcements of "ready for trial [1]" from both parties. The judge then inquired about outstanding pretrial motions, heard the attorneys' statements and arguments about the nature of the case and the issues, and ruled on the motions and the admissibility of certain of Commonwealth's defenses. The trial court denied Commonwealth's motion for leave to file a counterclaim. Capital, as plaintiff, then offered some 31 exhibits; the court overruled Commonwealth's objections, and admitted Capital's exhibits "for all purposes." The trial court then ordered both parties

to submit short briefs by 10:00 o'clock next Wednesday, the 1st,[2] regarding the policy question of adversary proceeding, subject of the suit, attorney's fees for it, whether that's covered by the policy or not, and then we'll reconvene for argument on those briefs and decision on Monday, November 26, 10:30 a.m.

It is undisputed that, following the recess for briefing, the trial court did not "reconvene for argument on those briefs and decision," and that Capital never announced that it rested its case. Capital states without challenge in its appellant's original brief, and we accept as fact, that "[c]ounsel for Capital returned at the appointed time and was informed by the court clerk that the court had rendered a take-nothing judgment against Capital." TEX.R.APP.P. 74(f). However, it is equally clear that Capital has not asserted by motion for new trial, or otherwise, what addi-

---

1. Although the docket sheet shows that a jury fee was paid, jury trial was apparently waived; no point of error and no statement in appellant's brief complains that appellant was denied a jury trial. The dissent concludes that Capital received no trial at all, either jury or non-jury.

2. Both the trial judge's statements of dates in this quotation and the court reporter's recording of pertinent dates in the statement of facts are, at various points, obviously in error. The court reporter recites at the beginning of the statement of facts that the proceeding took place on November 11, 1990, a date which we judicially notice was a Sunday. TEX.R.CIV.EVID. 201(c). The court reporter's certification, 35 pages later, states the proceedings took place on November 16, 1990, which was a Friday. The judgment entered shows the proceedings took place on November 14, 1990, a Wednesday. Assuming the proceeding took place on Wednesday, November 14, 1990, or Friday, November 16, 1990, the "next Wednesday," the date by which the judge ordered the parties "to submit short briefs," was November 21, 1990, not "next Wednesday, the 1st." No 1st day of a month in 1990 was on a Wednesday, except in August.

tional exhibits or testimony it sought but was not allowed to offer.

The court's docket sheet entry for November 26, 1990, states that *"upon review of evidence,* find as a matter of law no duty to defend under insurance policy; therefore, judgment for [defendant Commonwealth Title], costs of court (not atty fees) assessed against [plaintiff Capital]." (Emphasis added.) On November 27, 1990, the trial judge entered judgment as follows:

> On November 14, 1990, this case came on for trial on the merits. The Plaintiff appeared in person and by its attorney, and the Defendants appeared by and through their attorney, and *all parties announced ready for trial. The plaintiff introduced its evidence.* The Court thereupon called for trial briefs on the question of whether the Defendants had a duty to defend, which were timely tendered by all parties. The Court, having considered the evidence, the law, and the arguments of counsel, finds that neither Defendant had a duty to defend. It is, therefore,
>
> ORDERED, ADJUDGED, AND DE-CREED that Capital Bank take nothing by its suit against Commonwealth Land Title Insurance Company and Commonwealth Land Title Company of Houston, and it is further
>
> ORDERED, ADJUDGED, AND DE-CREED that all costs of suit are hereby taxed against Capital Bank.
>
> All relief not hereby granted is denied. This is a final judgment.
>
> SIGNED this 27th day of November, 1990.

(Emphasis added.)

The dissent concludes that no trial took place at all, and that the proceeding shown in the statement of facts was a pretrial hearing only. The dissent appears to base this conclusion on three factors, none of which are urged by appellant: (1) the title affixed to the statement of facts; (2) the fact that there were pretrial motions not yet ruled upon when the parties announced ready for trial and the trial began; (3) plaintiff's evidence, although admitted for all purposes, was admitted "subject to [defendant's motion to] disregard."

We note that the title and memorialization pages at the front of the statement of facts refer to "Motions," rather than "trial," and recite that the "cause came on for motions." Further, the official court reporter's certificate page at the end of the proceeding recites that "the foregoing is a true and complete transcription of the *Pre–Trial Motions* as set out therein." (Emphasis added.) However, just as we have found erroneous and conflicting dates in the statement of facts, as discussed in footnote two, so do we find the court reporter's designation of the proceeding itself to be in error. The text of the statement of facts shows that the parties both announced *ready for trial* and *appellant, as plaintiff, introduced evidence.*

■ A bench trial, once begun, does not cease to be a trial in progress simply because pretrial motions may not yet have been ruled on. Neither does the trial court's admission of evidence subject to an opponent's motion to disregard affect the status of the trial. The exhibits admitted "for all purposes" were plaintiff Capital's evidence, and defendant Commonwealth made no motion to disregard them—indeed, Commonwealth relied upon them as well. Finally, Capital's admitted exhibits encompassed the totality of Capital's plaintiff's case, and are not referable to any of Capital's pretrial motions. Obviously none of Capital's pretrial motions sought to bar introduction of Capital's own exhibits.

### Capital's presentation of evidence and lack of opportunity to "rest its case"

Capital has phrased its point of error in terms found in a series of decisions reversing and remanding judgments and stating that the trial court cannot render judgment until a party has "had an opportunity to present evidence *and rest its case." Producer's Constr. Co. v. Muegge,* 669 S.W.2d 717, 719 (Tex.1984). *Safway Scaffold Co. v. Safway Steel Products,* 570 S.W.2d 225, 229 (Tex.Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *see also Oertel v. Gulf States Abrasive Mfg., Inc.,* 429 S.W.2d 623, 624 (Tex.Civ. App.—Houston [1st Dist.] 1968, no writ) ("The rules do not authorize the trial court to render a judgment against the defendant in an action before he has had an opportunity to

present his defense and has rested his case.").

In each of these decisions, the words "and rest its case" are dicta. Each case involved a procedural situation in which the complaining party was not allowed to present *any* evidence. *Producer's Constr. Co.,* 669 S.W.2d at 719 ("The partial statement of facts [which the supreme court held sufficient] and the judgment show that Producer's was not given an opportunity to present its defense and evidence in support of its counterclaims."); *Safway,* 570 S.W.2d at 229 ("The judgment and the statement of facts clearly show that the trial court did not allow the appellant to present any evidence at the trial . . ."). In the case before us, by contrast, nothing in the statement of facts, or in Capital's motion for new trial or appellate brief, indicates that Capital did not offer all the evidence it sought to introduce.

Nothing in the relevant Texas Rules of Civil Procedure speak of "resting" a case. Rule 262 of the Texas Rules of Civil Procedure states that the rules governing jury trials shall govern nonjury trials "in so far as applicable." Rule 265 [3] specifies the order of proceeding in jury trials, and never speaks of a party "resting." Of its seven subparts, 265(b) is the only subsection of the rule applicable to a nonjury trial such as the one before us. Here, defendant has presented no evidence [rules 265(a), (c), and (d) ], there are no "intervenors and other parties" [rule 265(e), (f) ], and the evidence consists entirely of plaintiff's documentary exhibits admitted before the trial court without live witnesses, such that cross-examination might be required [rule 265(g) ]. Rule 265(b), the only

applicable subsection, provides that "[t]he party upon whom rests the burden of proof on the whole case shall then [after making its opening statement] introduce his evidence"; Capital has done so.

Although the word "rest" or the phrase "rests its case" does not appear in rule 265, the rule is nevertheless clear that each party must be allowed to introduce its evidence [rules 265(b), (d), (e) ], cross-examine opposing witnesses [rule 265(c) ], and present rebuttal evidence [rule 265(f) ]. Defense evidence, cross-examination, live witnesses, intervenors or third parties, and rebuttal evidence were not involved in the case before us. Capital, as plaintiff, introduced the controlling documentary evidence in its suit arising from Commonwealth's refusal to defend; Commonwealth, as defendant, introduced no evidence.

### The insurer's duty to defend

In ascertaining the scope of an insurer's duty to defend, courts should look to the language of the policy and the allegations in the complaint against the insured. *Fidelity & Guaranty Underwriters v. McManus,* 633 S.W.2d 787, 788 (Tex.1982); *Feed Store, Inc. v. Reliance Insurance Co.,* 774 S.W.2d 73, 74 (Tex.App.—Houston [1st Dist.] 1989, writ denied). As stated in *American Alliance Ins. v. Frito-Lay,* 788 S.W.2d 152, 153–54 (Tex.App.—Houston [1st Dist.] 1990, writ denied):

Texas courts follow the "Eight Corners" or "Complaint Allegation" rule when determining the duty to defend action. This rule requires the trier of fact to examine only the allegations in the complaint and

---

3. **Rule 265. ORDER OF PROCEEDINGS ON TRIAL BY JURY**

The trial of cases *before a jury* shall proceed in the following order unless the court should, for good cause stated in the record, otherwise direct:

(a) The party upon whom rests the burden of proof on the whole case shall state *to the jury* briefly the nature of his claim or defense and what said party expects to prove and the relief sought. Immediately thereafter, the adverse party may make a similar statement, and intervenors and other parties will be accorded similar rights in the order determined by the court.

(b) The party upon whom rests the burden of proof on the whole case shall then *introduce his evidence.*

(c) The adverse party shall briefly state the nature of his claim or defense and what said party expects to prove and the relief sought unless he has already done so.

(d) He shall then introduce his evidence.

(e) The intervenor and other parties shall make their statement, unless they have already done so, and shall introduce their evidence.

(f) The parties shall then be confined to rebutting testimony on each side.

(g) But one counsel on each side shall examine and cross-examine the same witness, except on leave granted. (Emphasis added.)

the insurance policy in determining whether a duty to defend exists. The duty to defend is not affected by facts ascertained before suit, developed in the process of litigation, or by the ultimate outcome of the suit.

788 S.W.2d at 154 (citations omitted).

Under this analysis the court cannot consider anything outside (a) the policy and (b) the pleadings. *Feed Store, Inc.*, 774 S.W.2d at 74. The effect of this "eight corners rule" is to minimize uncertainty in assessing a liability insurer's duty, as well as to favor the insured in cases where the merits of the action may be questionable. *Feed Store, Inc.*, 774 S.W.2d at 75.

**The policy and the allegations in the adversary proceeding against Capital**

■ In determining that Commonwealth had no duty to defend, the trial court had among Capital's admitted exhibits both (1) the title insurance policy Commonwealth issued to Capital (plaintiff's exhibit number five) and (2) the adversary pleading containing the allegations against Capital that Commonwealth was called on, under the policy, to defend (plaintiff's exhibit number 19). The title policy stated in pertinent part that Commonwealth, as insurer:

will pay to the Insured ... all loss or damage not exceeding the amount stated ... which the Insured ... may sustain or suffer by reason of the failure of, defects in, encumbrances upon, or liens ... against the title of the mortgagors or grantors ... *existing at or prior to the date of this policy* ...

This *policy does not insure against loss or damage by reason of* defects, liens, encumbrances, adverse claims, or other *matters* (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company and not shown by the public records but known to the Insured claimant either at Date of Policy or at the date such claimant acquired the insured mortgage and not disclosed in writing by the Insured claimant to the Company prior to the Date such insured claimant became an Insured hereunder; (c) resulting in no loss or damage to the insured claimant; or (d) *attach-*

*ing or created subsequent to Date of Policy* ...

(Emphasis added.)

Capital's live pleadings alleged that Capital foreclosed on the insured property; that Capital thereafter sold the property to James C. Motley; and that Capital was later sued in an adversary proceeding that arose out of the bankruptcy proceedings of the party Capital had foreclosed on earlier. Capital further pled that Commonwealth provided guidance in the matter but refused to formally accept the defense of the adversary proceedings or pay attorney fees reasonably incurred for defense services.

Under the "eight corners" doctrine, the trial court was restricted to considering only the pleadings and the policy. *Feed Store, Inc.*, 774 S.W.2d at 74. The trial court could determine from the pleadings and the policy that Capital's alleged causes of action against Commonwealth arose as a result of Capital's foreclosure on the insured property. The foreclosure and resulting adversary proceeding occurred after the policy date. The policy expressly excludes coverage for subsequent events. Therefore, Capital's own pleadings and exhibits showed as a matter of law that Commonwealth Title had no duty to defend.

After hearing both parties and receiving all the evidence Capital offered, the trial judge determined that the threshold issue was whether Commonwealth had a duty to defend under the title insurance policy. He instructed both parties to file trial briefs on this issue, recessed, and set the issue for argument. After reviewing the briefs and examining Capital's exhibits in evidence, he found that, as a matter of law, Commonwealth had no duty to defend.

We overrule appellant's point of error.

The judgment is affirmed.

O'CONNOR, Justice, dissenting.

This is a case where the trial judge, after listening to the lawyers' description of the case, decided he could resolve it without a trial, which he did. We have no procedure in Texas for a trial judge to withdraw a case

from the trial docket and decide it without testimony.

### No trial

The plaintiff, appellant before us, presents one point of error: The trial court erred in granting judgment before the plaintiff had an opportunity to present its evidence and rest its case.

The majority interprets the plaintiff's argument as complaining that the trial court did not permit it to rest its case in what was a non-jury trial. That interpretation misses the point of the plaintiff's argument, which is that it did not get a trial at all—not only did it not get the opportunity to rest, it did not get the opportunity to open.

This case was set for a *jury* trial on November 11, 1990.[1] Both parties announced ready, and their attorneys presented the trial judge with an oral summary of the facts and argued pre-trial motions, including a motion in limine. The trial court never summoned a jury and did not ask the parties to proceed without a jury. In fact, the trial court never asked the parties to proceed at all. All persons in the court room assumed the trial court was conducting a pre-trial hearing.

The statement of facts begins with:

Be it remembered that upon the 11th day of November, A.D., 1990, the above entitled and numbered cause came on for *Motions* before the Honorable Scott A. Brister, Judge of the 234th District Court of Harris County, Texas. . . .

(Emphasis added.) The statement of facts ends with:

I, Judith J. Kulhanek, Official Court Reporter in and for the 234th District Court of Harris County, Texas, do hereby certify that the foregoing is a true and complete transcription of the *Pre-trial Motions* as set out herein heard before the Honorable

Scott A. Brister, Judge of the 234th District Court of Harris County, Texas, had on the 16th day of November.

(Emphasis added.) Clearly, the court reporter was under the impression she was transcribing a hearing on pre-trial motions, not the trial itself.

The majority dismisses the opening and closing reference in the statement of facts as just one more error on the part of the court reporter. *See infra* n. 1. It was not just an error in the designation of the proceedings by the court reporter—all comments in the statement of facts by the trial judge indicate that the hearing was for pre-trial motions.[2] During the discussion with the lawyers, the trial court repeatedly interposed the comment that certain issues were fact issues, inferring they would be decided in the trial, not at pre-trial. After ruling on some of the motions, the trial court asked, "Anything else *pre-trial?*" (Emphasis added.) The defendant's attorney asked the court for a ruling on his motion for leave to file a counterclaim, which the court denied. The court then said:

You can have a running objection as to the relevance, I think is your objection. All I am asking you is to stipulate would be admit under hearsay exceptions, et cetera, that kind of stuff. I would allow your objection on relevance in most matters, but if we could, why don't you all—I think I have a minor settlement here.

After a recess, the court said:

I understand with the exception of relevance agreement, you have reached an agreement on documents. Is that correct, admissibility and authenticity?

The defendant's lawyer corrected the trial court and said they had reached an agreement on authenticity, *not* admissibility.

The court asked which party would offer the exhibits, and the defendant's lawyer said

---

1. The docket sheet shows that the jury was requested, and a jury fee was paid by the defendant. When one party demands a jury and pays a fee, all other parties in the suit acquire a right to a jury. *White Motor Co. v. Loden*, 373 S.W.2d 863, 865 (Tex.App.—Dallas 1963, no writ). A trial court may not withdraw a case from the jury docket, over the objection of any party, even if the party did not make a request or pay the fee. Tex.R.Civ.P. 220; *Zemanek v. Boren*, 810 S.W.2d

10, 12 (Tex.App.—Houston [14th Dist.] 1991, no writ). The majority opines that a jury was waived because no point of error was presented on the lack of a jury. *See infra* n. 1. The plaintiff complains that it did not get a trial at all, not that it did not get a jury trial.

2. The statement of facts is short, just 34 pages.

he would offer them by agreement. The trial court then said to the plaintiff's lawyer, "Why don't you offer yours?" The plaintiff's lawyer did as requested and offered his exhibits. The trial court asked if they were offered for all purposes, and the plaintiff's lawyer said "yes." The defendant's lawyer objected to the plaintiff's exhibits because they were irrelevant, immaterial, and violated the "eight corners test." The court then asked if there were any other objections. When the defendant said "no," the court overruled the objections with "Be overruled *subject to disregard.*[3] Okay. Anything else?" The trial court then asked the parties to prepare briefs.

The majority characterizes the trial as a non-jury trial.[4] I disagree that the case was a non-jury trial. After asking "Anything else pre-trial," the court made no announcement to indicate it was beginning a trial. I think the trial court conducted a pre-trial hearing; the majority believes the pre-trial hearing became the trial itself when the court ruled on the exhibits.

A trial court must give the parties the opportunity to present evidence. *Producer's Constr. Co. v. Muegge,* 669 S.W.2d 717, 719 (Tex.1984); Tex.R.Civ.P. 265. In *Muegge,* the Supreme Court made it clear a party must have the opportunity to present evidence when it said, "The trial court erred in rendering judgment before Producer's had an opportunity to present evidence and rest its case." *Id.* at 719. This Court has also confirmed a party's right to present evidence. In *Safway Scaffold Co. v. Safway Steel Products, Inc.,* 570 S.W.2d 225, 228 (Tex.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.), this Court said:

> The granting of the motions [for directed verdict] at that time [before the party had

an opportunity to offer evidence] was contrary to the provisions of Rule 265 ... stating the order in which the trial of causes before a jury shall proceed unless otherwise directed by the court for good cause. The motion for directed verdict may be granted only when the movant is entitled to prevail as a matter of law, a circumstance that rarely occurs before the non-movant has had an opportunity to offer evidence.

*Safway Scaffold,* 570 S.W.2d at 228.

Rule 265 of the Texas Rules of Civil Procedure, which provides for the order of proceedings on trial by jury, is reproduced in footnote three of the majority opinion. By the terms of rule 266, the plaintiff has the right to open and close its evidence. This case did not proceed under rule 265 or 266: The plaintiff was not given the opportunity to make an opening statement, to introduce its evidence through witnesses, or to make a closing argument.

This is not a case in which the plaintiff was denied a jury trial, to which it was entitled, and given only a bench trial, as the majority contends. This is a case in which the plaintiff did not get a trial at all, not a jury or a bench trial. Only on a motion for summary judgment submitted under Tex.R.Civ.P. 166a, or in an agreed case tried under Tex. R.Civ.P. 263, can a court by-pass a trial and render judgment on the merits as a matter of law. The proceeding in this case was the equivalent to a summary judgment, without the procedural protections of a motion for summary judgment; or, it was the equivalent to an agreed case tried under Tex.R.Civ.P. 263, without an agreement.

### The insurer's duty to defend

Under the section of the majority opinion entitled "The insurer's duty to defend," the

---

**3.** The trial court's ruling on the exhibits, "subject to disregard," indicated that some other objection or ruling might be interposed at trial. The court's ruling admitting them was merely a pre-trial ruling on their authenticity, not admissibility. Rule 166(k) of the Texas Rules of Civil Procedure contemplates that the trial court might make pre-trial rulings on the authenticity and admissibility of exhibits. A ruling on exhibits should not be a substitute for a trial on the merits.

**4.** It is interesting that the defendant does not go as far as the majority on this point. Nowhere in its brief does the defendant contend the plaintiff was given a trial. The defendant argues the plaintiff would not have prevailed even if had been given the opportunity to present evidence; that based on the pleadings it had no duty to defend. Defendant's brief at 9, 14. That argument would be appropriate if this were an appeal following a summary judgment, but not here, when the case was set for a trial.

majority deals with an issue not raised by the plaintiff-appellant by point of error. Under this section of the opinion, the majority examines whether the defendant, an insurer, had a duty to defend the plaintiff in an earlier suit. The majority answers the question of duty to defend without the benefit of any evidence, by relying on the defendant's brief.

The defendant's entire position on appeal is the plaintiff's claim was invalid, and it would be incongruous to permit a party to recover damages when an insurer "rightfully" refuses to pay an "invalid" claim. Defendant's brief at 15–16.[5] No evidence was introduced on the issues of the validity of the claim or the justification for refusing it (or on any other issue). The exhibits did not resolve the issue whether the plaintiff's claim was valid or whether the defendant "rightfully" refused to pay it. Those issues are fact issues that can only be resolved by a trial, not by the novel summary disposition procedure used in this case.

The only point of error we are required to answer in this case is whether the plaintiff received a trial. If the majority believes the plaintiff received a trial, that is the only issue it should address. It should not address the merits of the plaintiff's suit based on the defendant's brief. The majority attempts to bolster its holding that the plaintiff received a trial by an opinion that also holds there is no merit to the plaintiff's lawsuit

I would reverse and remand, not for retrial, but for trial.

---

5. The most telling statement in the defendant's brief is "There is nothing any live testimony or other evidence could have added...." The majority says almost the same thing: "Capital's admitted exhibits encompassed the totality of [its'] case...." Unless the plaintiff is given the opportunity to present evidence, no one can determine that it did not have other evidence. The plaintiff would like to have had the opportunity to present evidence.