# IN THE SUPREME COURT OF TEXAS

══════════

No. 19-0802

══════════

JANET RICHARDS, MELVIN RICHARDS, AND AMANDA CULVER MEALS, APPELLANTS,

V.

STATE FARM LLOYDS, APPELLEE

══════════════════════════════
ON CERTIFIED QUESTION FROM THE UNITED STATES
COURT OF APPEALS FOR THE FIFTH CIRCUIT
══════════════════════════════

**Argued January 8, 2020**

JUSTICE BLACKLOCK delivered the opinion of the Court.

This opinion addresses a question of Texas law certified from the United States Court of Appeals for the Fifth Circuit. Article V, section 3-c of the Texas Constitution gives this Court jurisdiction to answer such questions.[1]

The underlying dispute concerns whether State Farm must defend its insureds, Janet and Melvin Richards, against personal injury claims brought by Amanda Meals. The certified question asks about the "eight-corners rule," under which an insurer's "duty to defend is determined by the claims alleged in the petition and the coverage provided in the policy." *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009). The "four corners" of the petition and the "four corners" of the policy together comprise the "eight corners" that give the rule its

─────────────

[1] *See* Tex. R. App. P. 58.

name. Courts applying the eight-corners rule determine "the insurer's duty to defend [] by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006).

Though governed by state law, disputes over an insurer's duty to defend often find their way to federal court, as this one did. According to one federal district court applying Texas law, the eight-corners rule does not apply unless the policy includes language requiring the insurer to defend "all actions against its insured no matter if the allegations of the suit are groundless, false or fraudulent." *State Farm Lloyds v. Richards*, No. 4:17-CV-753-A, 2018 WL 2225084, at *3 (N.D. Tex. May 15, 2018). The Fifth Circuit has asked whether the district court's "policy-language exception" to the eight-corners rule is "a permissible exception under Texas law." *State Farm Lloyds v. Richards*, 784 F. App'x 247, 253 (5th Cir. 2019), certified question accepted (Sept. 13, 2019). As explained below, we answer that it is not.

## I. Background

Ten-year-old Jayden Meals died in an all-terrain vehicle (ATV) accident while under the supervision of his paternal grandparents. Jayden's mother, Amanda Meals, sued the grandparents, Janet and Melvin Richards, alleging negligent failure to supervise and instruct Jayden. Meals's petition alleged Jayden was under the defendant-grandparents' "supervision" and alleged the accident occurred "[o]n or near the Defendants' residence." The grandparents had a homeowner's insurance policy with State Farm Lloyds, which provided

> If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we [State Farm] will:

2

1. pay up to our limit of liability for the damages for which the insured is legally liable; and
2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate.

The grandparents asked State Farm to provide a defense to the lawsuit and, if necessary, to indemnify them against any damages for which they are liable. Under a reservation of rights, State Farm agreed. State Farm then sued the grandparents and Meals in the Northern District of Texas, seeking a declaration that it had no duty to defend against the claims or indemnify the grandparents.

State Farm moved for summary judgment on the grounds that Meals's claims did not fall within the policy's coverage. State Farm argued first that the policy's "motor-vehicle exclusion" applied. Under the policy's terms, the motor-vehicle exclusion applies when the alleged "bodily injury" arises from "use" of a "motor vehicle owned or operated by or rented or loaned to any insured." An ATV used "while off an insured location" is a "motor vehicle" for purposes of the policy. State Farm argued that this exception is applicable because the bodily injury arose from the use of the grandparents' ATV on a public recreational trail, not on the grandparents' property. To prove the accident's location, State Farm submitted the police's vehicle crash report, which stated the location of the accident. State Farm also argued that the policy's "insured exclusion" applied. The policy excludes coverage for bodily injuries to insureds and defines "insured" to include "you and, if residents of your household: a. your relatives; and b. any other person under the age of 21 who is in the care of a person described above." State Farm argued Jayden was an "insured" because the grandparents were his joint managing conservators. As proof, State Farm submitted a court order from a suit affecting the parent-child relationship (SAPCR). In response, the grandparents argued that the eight-corners rule prohibited the district court from considering

3

any evidence, including the crash report and the SAPCR order, when determining State Farm's duty to defend the lawsuit.

The federal district court considered State Farm's proffered evidence, rejecting the defendants' objections under the eight-corners rule. According to the court, the eight-corners rule did not prohibit consideration of the evidence because the rule applies only to insurance policies that explicitly require the insurer to defend "all actions against its insured no matter if the allegations of the suit are groundless, false or fraudulent."[2] *Richards*, 2018 WL 2225084, at *3. The same district court had previously articulated this view in *B. Hall Contracting Inc. v. Evanston Ins. Co.*, 447 F. Supp. 2d 634, 645 (N.D. Tex. 2006). The grandparents' policy did not include a groundless-claims clause, so in the district court's view the eight-corners rule did not apply at all. The court granted summary judgment for State Farm. The defendants appealed.[3] The Fifth Circuit certified the following question to this Court:

> Is the policy-language exception to the eight-corners rule articulated in *B. Hall Contracting Inc. v. Evanston Ins. Co.*, 447 F. Supp. 2d 634 (N.D. Tex. 2006), a permissible exception under Texas law?

*Richards*, 784 F. App'x at 253.

The Fifth Circuit panel observed that neither the Fifth Circuit nor any Texas court has previously taken the view of the eight-corners rule articulated by the federal district court. The panel further noted that the Fifth Circuit has consistently applied a different exception to the eight-corners rule, derived from *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th

---

[2] For ease of reference, we refer to this language as a "groundless-claims clause."

[3] When the district court ruled for State Farm, the Richardses and Meals appealed. They are co-appellants in the Fifth Circuit. We will refer to the Richardses and Meals collectively as "appellants" unless the distinction between them is relevant.

4

Cir. 2004). That exception allows extrinsic evidence bearing on the duty to defend when (1) "it is initially impossible to discern whether coverage is potentially implicated" and (2) "the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Richards*, 784 F. App'x at 251 (citing *Northfield Ins. Co.*, 363 F.3d at 531). Several Texas courts of appeal have adopted the Fifth Circuit's approach or something similar.[4] Others have declined to follow the Fifth Circuit's approach.[5] This Court has never had occasion to address the so-called "*Northfield* exception," although we have twice acknowledged its widespread use. *See Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 497 (Tex. 2008); *GuideOne*, 197 S.W.3d at 308–09.

The Fifth Circuit did not request this Court's opinion on the *Northfield* exception. Instead, it asked only if the federal district court was correct in *B. Hall* that the eight-corners rule is

---

[4] *See, e.g., Weingarten Realty Mgmt. Co. v. Liberty Mut. Fire Ins. Co.*, 343 S.W.3d 859, 865 (Tex. App.— Houston [14th Dist.] 2011, pet. denied) ("we are persuaded of the need for a very narrow exception to the eight-corners rule. . . . Under this exception, the extrinsic evidence must go strictly to an issue of coverage without contradicting any allegation in the third-party claimant's pleadings material to the merits of that underlying claim"); *Urethane Int'l Prod. v. Mid-Continent Cas. Co.*, 187 S.W.3d 172, 176 (Tex. App.—Waco 2006, no pet.) ("An exception to [the eight-corners] rule occurs when the petition in the underlying lawsuit does not allege facts sufficient for a determination of whether those facts, even if true, are covered by the policy.") (quotations omitted); *Tucker v. Allstate Texas Lloyds Ins. Co.*, 180 S.W.3d 880, 884–85 (Tex. App.—Texarkana 2005, no pet.) ("where the terms of the policy are ambiguous, or where the petition in the underlying suit does not contain factual allegations sufficient to enable the court to determine whether the claims are within the policy coverage, the court may consider extrinsic evidence to assist it in making the determination.").

[5] *See, e.g., AIX Specialty Ins. Co. v. Shiwach*, No. 05-18-01050-CV, 2019 WL 6888515, at *7 (Tex. App.— Dallas Dec. 18, 2019, pet. pending) ("Although the Fifth Circuit and multiple intermediate appellate courts have expressly recognized a limited exception to this rule, permitting consideration of extrinsic evidence when relevant only to the coverage issue, the Texas Supreme Court and this Court have not yet done so."); *USAA Texas Lloyd's Co. v. Doe*, No. 04-15-00673-CV, 2017 WL 2791327, at *3 (Tex. App.—Amarillo June 28, 2017, pet. denied) ("The duty to defend is not affected by facts discovered before suit, developed in the course of litigation, or by the outcome of the suit."); *AccuFleet, Inc. v. Hartford Fire Ins. Co.*, 322 S.W.3d 264, 273 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("We decline to create an exception to the eight corners rule . . . .").

inapplicable unless the policy includes a groundless-claims clause. We address only the question certified.[6]

## II. Discussion

"Insurance policies are controlled by rules of interpretation and construction which are applicable to contracts generally." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. CBI Industries, Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). As with any contract, the parties may displace default rules of construction by agreement. *Wenske v. Ealy*, 521 S.W.3d 791, 792, 796. (Tex. 2017). "We consider the entire agreement and, to the extent possible, resolve any conflicts by harmonizing the agreement's provisions, rather than by applying arbitrary or mechanical default rules." *Piranha Partners v. Joe Neuoff*, __S.W.3d __, __ (Tex. 2020) (citing *Wenske*, 521 S.W.3d at 792, 796). "Where a valid contract prescribes particular remedies or imposes particular obligations, equity generally must yield unless the contract violates positive law or offends public policy." *Fortis Benefits v. Cantu*, 234 S.W.3d 642, 648–49 (Tex. 2007). Thus, if an insurance policy contained language inconsistent with the eight-corners rule, the policy language would control. But the question here is not whether parties *can* contract around the eight-corners rule. They can. The question is whether these parties *have* contracted around it by declining to expressly agree that State Farm must defend claims "even if groundless, false or fraudulent."

---

[6] This Court's opinions on certified questions share "[t]he distinctive feature of an advisory opinion" in that they "decide[] an abstract question of law without binding the parties." *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). Normally, "Texas courts, like federal courts, have no jurisdiction to render such opinions." *Id.* Answering a certified question is a constitutionally permissible advisory opinion, however, because the people of Texas granted this Court jurisdiction to "answer questions of state law certified from a federal appellate court." TEX. CONST. art. V, § 3-c. Our jurisdiction in these matters is exclusively to "answer *questions*." *Id.* (emphasis added). To avoid exceeding our jurisdiction, "we answer only the questions certified and nothing more." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 349 (Tex. 1990).

As State Farm sees it, the eight-corners rule arose to enforce groundless-claims clauses, which used to be very common. The rule should therefore be applied only to policies containing those clauses or similar language, which is no longer as common in modern insurance policies. Because the circumstances giving rise to the eight-corners rule (the language commonly used in insurance policies) have changed, State Farm contends the eight-corners rule itself must change, no matter how deeply embedded in the law it has become. *See, e.g.*, *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 362 (Tex. 1987) (Mauzy, J., concurring) ("If the reasons on which a law rests are overborne by opposing reasons . . . the old law . . . must cease to apply as a controlling principle to the new circumstances.").

The appellants argue that the eight-corners rule is not dependent on the presence of a groundless-claims clause. They note that this Court's analysis of the duty to defend has never turned on the presence of such language in the policy. Appellants cite to several cases where the court of appeals quoted the relevant policy language and applied the eight-corners rule despite the lack of a groundless-claims clause. *Pine Oak Builders*, *Inc. v. Great Am. Lloyds Ins. Co.*, 292 S.W.3d 48, 52 (Tex. App.—Houston [14th Dist.] 2006), *aff'd in part, rev'd in part on other grounds*, *Pine Oak Builders*, 279 S.W.3d at 650; *King v. Dallas Fire Ins. Co.*, 27 S.W.3d 117, 121 (Tex. App.—Houston [1st Dist.] 2000), *rev'd on other grounds*, *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185 (Tex. 2002). On appeal of those cases in this Court, the absence of a groundless-claims clause was not raised as an issue. *Pine Oak Builders*, 279 S.W.3d at 650; *King*, 85 S.W.3d at 185. Because the presence or absence of a groundless-claims clause has rarely, if ever, been important to Texas courts' analysis of the contractual duty to defend, and because Texas courts

routinely apply the eight-corners rule without looking for a groundless-claims clause, the appellants conclude that the federal district court's "policy-language exception" is erroneous.

We agree with the appellants. State Farm did not contract away the eight-corners rule altogether merely by omitting from its policy an express agreement to defend claims that are "groundless, false or fraudulent."

This Court first applied what came to be known as the eight-corners rule in 1956:

> We think that in determining the duty of a liability insurance company to defend a lawsuit the allegations of the complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations and without reference to what the parties know or believe the true facts to be, or without reference to a legal determination thereof.

*Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 24 (Tex. 1965). In the succeeding years, the Court repeatedly affirmed the rule without requiring that the policy include a groundless-claims clause.[7] In one decision, we observed that the eight-corners approach likely arose because most policies "defined the duty to defend more broadly than the duty to indemnify." *GuideOne*, 197 S.W.3d at 310. But we have never held or suggested that the eight-corners rule is contingent on a groundless-claims clause. Most recently, this Court again stated the eight-corners rule without regard to whether the policy expressly required the insurer to defend against groundless, false, or fraudulent claims: "In deciding the duty to defend, the court should not consider extrinsic evidence from either the insurer or the insured that contradicts the allegations of the underlying petition. The duty to defend depends on the language of the policy setting out the contractual agreement between insurer and insured." *Pine Oak Builders*, 279 S.W.3d at 655.

---

[7]*Pine Oak Builders*, 279 S.W.3d at 654–56; *Zurich Am. Ins. Co.*, 268 S.W.3d at 491; *GuideOne*, 197 S.W.3d at 308; *King*, 85 S.W.3d at 191; *Argonaut Sw. Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex. 1973).

Consistent with these decisions, Texas courts of appeal have routinely applied the eight-corners rule for many decades, without regard to whether the policy contained a groundless-claims clause.[8] Commentators generally consider the eight-corners rule a settled feature of Texas law. *E.g.*, 46 TEX. JUR. 3D *Insurance Contracts and Coverage* § 934 (2020) ("An insurer's duty to defend is determined solely by the allegations in the pleadings and the language of the insurance policy"). Given the consistency of Texas appellate decisions on this topic, those who write insurance contracts know courts applying Texas law will employ the eight-corners rule, subject possibly to exceptions such as that found in the Fifth Circuit's *Northfield* decision. We can safely presume their agreements are drafted in light of this understanding.

The eight-corners rule does not arise merely from the courts' say-so, however. The duty to defend is a creature of contract, "a valuable benefit granted to the insured by the policy." *Pine Oak Builders*, 279 S.W.3d at 655. The goal in interpreting the contractual duty to defend—as

---

[8] *See, e.g.*, *Bush Constr., Inc. v. Texas Mut. Ins. Co.*, 557 S.W.3d 817, 822 (Tex. App.—Texarkana 2018, no pet.) ("In determining whether an insurer has the duty to defend a claim against its insured, we apply the eight-corners rule"); *Allstate Cty. Mut. Ins. Co. v. Wootton*, 494 S.W.3d 825, 831 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("In determining whether an insurer has a duty to defend its insured, Texas courts follow the eight-corners rule"); *Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 394 S.W.3d 228, 233 (Tex. App.—El Paso 2012, pet. denied) ("An insurer's duty to defend is determined according to the 'eight corners,' or 'complaint allegations' rule."); *Gen. Star Indem. Co. v. Gulf Coast Marine Assocs., Inc.*, 252 S.W.3d 450, 457 (Tex. App.—Houston[14th Dist.] 2008, pet. denied) ("Pursuant to the eight-corners rule, we compare the factual allegations of Juniper's petition with the language of the Gulf Coast policy to determine if the facts alleged by Juniper give rise to any claim within the coverage of the policy."); *Warrantech Corp. v. Steadfast Ins. Co.*, 210 S.W.3d 760, 765–66 (Tex. App.—Fort Worth 2006, pet. denied) ("Under the eight-corners or complaint-allegation rule, an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations"); *Landmark Chevrolet Corp. v. Universal Underwriters Ins. Co.*, 121 S.W.3d 886, 889 (Tex. App.—Houston [1st Dist.] 2003, pet. withdrawn) ("To determine an insurer's duty to defend, we apply the 'eight-corners' rule"); *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 680 (Tex. App.—Austin 2003, no pet.) ("Texas determines the duty to defend according to the 'eight corners' or 'complaint allegation' rule—examining only the pleadings against the insured and the insurance policy itself to determine if the pleadings allege facts that potentially come within the scope of coverage afforded by the policy."); *Acceptance Ins. Co. v. Lifecare Corp.*, 89 S.W.3d 773, 781–82 (Tex. App.—Corpus Christi 2002, no pet.) ("The duty to defend arises if the factual allegations against the insured, fairly and reasonably construed, state a cause of action potentially covered by the policy."); *Am. All. Ins. Co. v. Frito-Lay, Inc.*, 788 S.W.2d 152, 153 (Tex. App.—Dallas 1990, writ dism'd) ("Texas courts follow the 'Eight Corners' . . . rule when determining the duty to defend action").

when interpreting any contract language—is to "ascertain the true intentions of the parties as expressed in the writing itself." *Burlington Res. Oil & Gas Co. v. Texas Crude Energy, LLC*, 573 S.W.3d 198, 202–03 (Tex. 2019) (quotations omitted). The eight-corners rule is not a judicial amendment to parties' agreements. Instead, its purpose is to effectuate those agreements, to enforce them consistently and predictably so that parties may write their agreements knowing how courts will interpret them. *See* Randy E. Barnett, *The Sound of Silence: Default Rules and Contractual Consent*, 78 Va. L. Rev. 821, 881–82 (1992) (arguing that rules of construction reflect "the commonsense expectation within the relevant community of discourse" and mitigate "interpretive mistakes").

Here, State Farm agreed to defend the policyholders if "a claim is made or a suit is brought against an insured for damages because of bodily injury . . . to which this coverage applies." To determine whether such a "claim" has been "made" or a "suit" has been "brought," courts naturally look first to the claims made, to the suit brought. If the claim is "for damages because of bodily injury . . . to which coverage applies," the duty to defend is implicated. The eight-corners rule merely acknowledges that, under many common duty-to-defend clauses, only the *petition* and the *policy* are relevant to the initial inquiry into whether the *petition*'s claim fits within the *policy*'s coverage. This is how Texas courts have long interpreted contractual duties to defend. If any party is familiar with the overwhelming precedent to that effect, it is a large insurance company. State Farm makes good-faith arguments for its position, but it is well aware of the courts' longstanding interpretive approach to contractual duties to defend, and it knows how to contract around that approach. It did not do so merely by omitting the words "groundless, false or fraudulent," or similar words, from this policy.

10

As noted above, it is often the case that the petition states a claim that could trigger the duty to defend, but the petition is silent on facts necessary to determine coverage. In such cases, some courts often allow extrinsic evidence on coverage issues that do not overlap with the merits in order to determine whether the claim is for losses covered by the policy. *See, e.g.*, *Richards*, 784 F. App'x at 250–51; *Ooida Risk Retention Grp., Inc.*, 579 F.3d 469, 476 (5th Cir. 2009); *Texas Political Subdivisions Prop./ Cas. Joint Self Ins. Fund v. Pharr-San Juan-Alamo ISD*, No. 13-17-00655-CV, 2019 WL 4678433, at *5 (Tex. App.—Corpus Christi-Edinburg Sept. 26, 2019, no pet. h.) (mem. op.). The Fifth Circuit did not ask for our opinion on that practice, so we express none. We also reserve comment on whether other policy language or other factual scenarios may justify the use of extrinsic evidence to determine whether an insurer must defend a lawsuit against its insured. The varied circumstances under which such arguments for the consideration of evidence may arise are beyond imagination. We do not purport to resolve any matters or foreclose any arguments not directly raised in this certified question. We answer only that the "policy-language exception" to the eight-corners rule articulated by the federal district court in *B. Hall Contracting*—under which the eight-corners rule does not apply unless the policy contains a groundless-claims clause—is not a permissible exception under Texas law.

_____
James D. Blacklock
Justice

**OPINION DELIVERED:** March 20, 2020

11