**SAFWAY SCAFFOLD CO. OF HOUSTON, INC., Appellant,**

v.

**SAFWAY STEEL PRODUCTS, INC., et al., Appellees.**

**No. 17041.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 10, 1978.

Rehearing Denied Sept. 7, 1978.

Martin, Sperry & LeBoeuf, Jack R. Martin, Malcolm Williams, Houston, for appellant.

Fulbright & Jaworski, David J. Beck, G. Mike Lawrence, Houston, for appellee Safway Steel Products, Inc.

Green & Sims, Michael B. Lee, Houston, for appellee Swain Restoration Company, Inc.

PEDEÑ, Justice.

Appeal by Safway Scaffold Company of Houston, Inc. (Safway Scaffold), original defendant and third-party plaintiff, from a judgment granted in favor of third-party defendants, Safway Steel Products, Inc. (Safway Products) and Swain Restoration Company, Inc. (Swain), on the appellant's claims for indemnity and contribution. Safway Scaffold contends that the trial court erred in directing a verdict against its third-party claims when the original plaintiff rested and before Safway Scaffold had an opportunity to offer any evidence. Safway Scaffold did not appeal from a judgment rendered in favor of plaintiff Cichy based on the jury's verdict. We reverse and remand the trial court's granting of the directed verdicts.

Safway Scaffold leased staging equipment to Swain. Swain's employees, George Cichy and Paul Hale, took it to Galveston, where they were to perform waterproofing work on the exterior of a four-story building. They placed 4 by 4 timbers on the roof, secured them and suspended the swing-type stage from these 4 by 4's by steel cables. The stage was raised up the side of the building by manually operated winches.

On March 29, 1971, Hale and Cichy were working on this stage near the top of the building when the right end of the scaffold slipped, and they fell to the ground. Cichy testified that he "heard something slipping and something snapping and gears clanking, clanking, clanking, clanking, and when I dropped on the ground I don't remember anything after that." What he heard slipping was the cable—"the cable was either—either slipping and all I could hear was gears and like something was falling apart in the gear box. . . . Like something snapped and gave way."

Cichy sued Safway Scaffold alleging failure to inspect, failure to warn, negligent maintenance of the equipment, strict liability for leasing a product that had been rendered unreasonably dangerous by the defendant's failure to properly maintain, breach of implied warranty, strict liability based on defective design, and res ipsa loquitur.

Safway Scaffold filed a third-party action against Swain, lessee of the equipment and Cichy's employer, for full indemnity based solely on the express indemnity provision on the back of the "Lease Agreement Contract-Delivery Order" signed by Cichy (a copy was attached to the petition).

Safway Scaffold also filed a third-party action against Safway Products, the manufacturer of the equipment, for indemnity or contribution alleging:

"If the said product was unreasonably dangerous as alleged by Plaintiffs, which is not admitted by this Third Party Plaintiff, then such condition constituted a breach of Third Party Defendant's Warranty to Third Party Plaintiff, inasmuch as Third Party Plaintiff made no substantial change in the condition of the product after purchasing it from Third Party Defendant and Third Party Plaintiff is, therefore, entitled to be indemnified by Third Party Defendant for whatever sum it might ultimately be held liable to Plaintiffs."

"In the alternative, Third Party Plaintiff says that if the above facts and circumstances do not give rise to a right of indemnity in its favor, . . . Third Party Plaintiff is entitled to legal contribution from Third Party Defendant against any judgment which might be rendered against it in favor of Plaintiffs."

At the close of the plaintiff's evidence, Safway Products moved for an instructed verdict, asserting that since the plaintiff had introduced no evidence of defective design, Safway Scaffold's cause for indemnity and contribution failed as a matter of law. Swain moved for an instructed verdict and argued that the indemnity provision on the back of the rental ticket was not clear and unequivocal, that Cichy had no authority to bind Swain, that appellant did not plead apparent authority and that the indemnity provision was inconspicuous. The trial court granted both motions, and appellant stated its objections.

The "Budget Swing" stage in question could not be located for examination by the plaintiff, but pursuant to a discovery order of the court, Safway Scaffold furnished the plaintiff a "Budget Swing *identical* to the one made the basis of this lawsuit." (emphasis added). That Budget Swing was examined by a Mr. Meek for an independent testing laboratory, and he was the only expert witness whose testimony was offered by the plaintiff. Since the winch he inspected was not the one that is the subject of this litigation, it had no scored or misaligned or bent parts that would enable him to state positively what caused any failure of the winch. He testified at length, however, about possible causes based on design deficiencies. He pointed out that the primary safety device of the winch is the spring-loaded pawl that keeps the ratchet from unwinding. The spring is anchored only by its one end that is bent at a right angle, and he noted that the one he inspected has slipped out of its engagement hole slightly so that its bent end now extends only nine one-hundredths of an inch into that hole. If it slides further, it may become disengaged and that safety device will fail. The witness also testified that the manual bar that acts as a brake in the cog wheel will bend and become loosely attached in ordinary use and then it can easily miss the safety stop.

■ Swain argues that there was no evidence that George Cichy had authority to execute the indemnity agreement on behalf of Swain. Paul Swain, the owner of Swain Restoration Company, testified that he did not give Cichy, a superintendent or job supervisor, authority to indemnify Safway Scaffold against any damages sustained. Ordinarily, a person in this type of position cannot bind his employer by signing a broad indemnity contract. *Rourke v. Garza,* 530 S.W.2d 794, 804 (Tex.1975). Both Paul Swain and George Cichy were cross-examined by appellant, but no evidence of authority was shown.

■ Appellee Swain also contends that the hold-harmless clause is ineffective because it did not state in unequivocal terms that Swain would indemnify Safway Scaffold against acts of its own negligence or against its distribution of a defective product.

"We have, in fact, progressed toward the so-called 'express negligence' rule as near as judicially possible without adopting it and thereby requiring in all cases that the parties state, in so many words, that

they intend to save the indemnitee harmless from liability for his own negligence." *Fireman's Fund Ins. Co. v. Commercial Standard Insurance Co.,* 490 S.W.2d 818, 822 (Tex.1972); *Rourke v. Garza,* supra.

The provision in our case states:

"The LESSEE agrees to indemnify Company against, and hold harmless Company from, any and all claims, actions, suits, proceedings, costs, expenses, damages and liabilities, including attorney's fees, asserted by any person, firm or corporation arising out of, or connected with the erection, maintenance, use or possession of said equipment."

This language is not clear and unequivocal and does not afford sufficient notice that the indemnitee will be protected against its own negligence. *Joe Adams & Son v. McCann Constr. Co.,* 475 S.W.2d 721, 725 (Tex.1971). It does not specifically mention indemnity against distribution of a defective product.

■ Fair notice also required that the provision be conspicuous. *Goodyear Tire & Rubber Co. v. Jefferson Constr. Co.,* 565 S.W.2d 916, 919 (Tex.1978). As in *K & S Oil Well Service, Inc. v. Cabot Corp.,* 491 S.W.2d 733 (Tex.Civ.App., writ ref. n. r. e.), the provision in our case appeared on the back of the rental form, was surrounded by unrelated terms in small and light type, and was not conspicuous.

In determining whether error was committed in directing a verdict, due consideration should be given to the organic right of trial by jury. 75 Am.Jur.2d 486, Trial § 467 (1974). We have found no case and none has been cited to us in which a third-party defendant's motion for directed verdict was granted before the third-party plaintiff had an opportunity to offer evidence. The granting of the motions at that time was contrary to the provisions of Rule 265, Texas Rules of Civil Procedure, stating the order in which the trial of cases before a jury shall proceed unless otherwise directed by the court for good cause.

A motion for directed verdict may be granted only when the movant is entitled to prevail as a matter of law, a circumstance that rarely occurs before the non-movant has had an opportunity to offer evidence. The trial court, without passing upon the credibility of the witnesses, accepts as true all evidence which, when liberally construed in favor of the adverse party, tends to support such adverse party's contention (as to the truth of the fact propositions on which he relies or the falsity of those urged by the movant); indulges every reasonable inference which can be drawn in favor of such opponent's position from the evidence; and discards all contradictory evidence favorable to the movant. 3 McDonald, Texas Civil Practice 235, Jury Trial, General § 11.28.2 (1970).

■ The position of the appellees in our case, that the trial judge's granting of their motions was correct, is based on the appellant's narrow allegations against them and on the proof offered before the plaintiff rested. Although the appellant had no opportunity to offer evidence, its attorney did cross-examine what would appear to be the key witnesses concerning appellant's claim against Swain. We find no basis, however, for preventing the appellant from offering additional evidence in support of its third-party pleadings or cutting off any opportunity to amend those pleadings and offer evidence to raise jury issues, regardless of whether any had been raised when the original plaintiff rested. We cannot say that no such evidence or amendment could be offered, although it is difficult to envision any concerning the claim against third-party defendant Swain. In other words, we believe the appellees were not entitled to prevail, because the state of the appellant's pleadings and of the evidence offered by the original plaintiff was not such as to establish as a matter of law either 1) the absence of the appellant's right to indemnity or contribution or 2) an insuperable barrier to its right to such relief. The appellant had not made judicial admissions that would foreclose its right to proceed.

■ It is well established that neither contribution nor indemnity can be recov-

ered from a party against whom the injured party has no cause of action. *City of Houston v. Watson,* 376 S.W.2d 23, 33 (Tex.Civ. App.1964, writ ref. n. r. e.); *Patterson v. Tomlinson,* 118 S.W.2d 645 (Tex.Civ.App. 1938, writ ref.). It does not necessarily follow that the appellant in our case should be foreclosed from offering evidence that the original plaintiff has a cause of action against the appellees.

The incident in question happened on March 29, 1971, more than two years before the effective date of Article 2212a, V.T. C.S. , so Article 2212 governs any party's rights to contribution and indemnity.

█ The rules did not authorize the trial court to render the judgment against the third-party plaintiff in this case before it had an opportunity to present evidence and rest its case. The judgment and the statement of facts clearly show that the trial court did not allow the appellant to present any evidence at the trial and that the appellant duly objected to this action, so there is no necessity for a bill of exception. *Oertel v. Gulf States Abrasive Manufacturing, Inc.,* 429 S.W.2d 623 (Tex.Civ.App.1968, no writ).

█ Appellate review of directed verdicts is limited to a consideration of the evidence that had been adduced when the motion was granted and does not involve review of all the evidence in the case. *Holloway v. Har-Con Engineering Co.,* 563 S.W.2d 695 (Tex.Civ.App.1978, no writ); *cf. Pope v. Clary,* 161 S.W.2d 828 (Tex.Civ.App.1942, writ ref. w. o. m.).

Reversed and remanded.