**PRODUCER'S CONSTRUCTION COMPANY, Appellant,**

v.

**Barron MUEGGE, et al., Appellees.**

**No. 01–82–0296–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 19, 1983.

Rehearing Denied July 14, 1983.

Douglas S. Johnston, Houston, for appellant.

John E. Hawtrey, Bryan, for appellees.

Before EVANS, C.J., and BULLOCK, J.

## OPINION

BASS, Justice.

This is an appeal from a judgment in favor of appellees on their suit to remove a cloud on title to land, and against appellant on two counterclaims for default on the payment of three promissory notes and breach of a contract to pay money.

The judgment is affirmed.

Appellees, Barron Muegge, Charles Holland, Louis Dent, Morris Burkhalter, Ron Vandiver, and Don Vandiver, brought suit against appellants, Producer's Construction Company ("Producer's"), Don Morris, and Joe Rosson, to clear a cloud on appellee's title to a 111.47 acre tract of land lying in Burleson and Milam Counties. Appellee Muegge made additional claims against Morris and Rosson for fraud and conspiracy and sought actual and punitive damages.

Producer's filed a general denial and counterclaims against Muegge for breach of a contract between Muegge and Producer's, under which Muegge had obligated himself to pay Producer's $32,500.00, and against Muegge and Holland, seeking enforcement of three promissory notes executed by Muegge and Holland, and acquired by Producer's through an assignment from Rosson. These notes were the same obligations supporting the deed of trust lien, which appellees claimed constituted an unjustified cloud on their title. Appellees claimed that Rosson's acquisition of the notes was part of a fraudulent scheme against appellees Muegge and Holland, and that the lien should have been extinguished at the time Rosson acquired the notes.

Trial was to the court. Only a partial statement of facts has been included in the record on appeal. The partial statement includes all trial court proceedings from the close of appellees' case in chief through the rendition of judgment. Appellees, as plaintiffs below, put on their case in chief and rested on December 10, 1981. At the close of appellees' case, Producer's, Morris, and Rosson each dictated into the record

motions for judgment. These motions all urged that appellees had failed to establish a *prima facie* right to relief on their cause of action. The court indicated that it would take the motions, as well as appellees' oral motion to sever, under advisement.

The court and counsel for the parties then entered into a discussion regarding various scheduling problems. Counsel for Producer's requested that he be allowed to present Producer's case in chief on its counterclaims, and indicated that Producer's was prepared to proceed. He also indicated that he would need to obtain a deposition from Muegge, as well as testimony from other witnesses, in order to put on his case.

The court, however, stated that it did not wish to continue hearing evidence at that time:

JUDGE: All right, what the court is going to do is to take all these motions under advisement, and maybe perhaps more seriously the motion ... to sever, and *based upon what the court does on that then* if you all plan to go forward with the counterclaim or whatever, so that's what the court is going to do. Give the court about a week. I'll give you all some alternate dates. We can finish this thing *if we have to* (emphasis added).

JUDGE: The court is not saying at this point [whether] it's going to sever or not sever. What the court may do, it *may* rule on a portion of the case and then let you gentlemen decide if you all want to go forth as far as evidence is concerned on the rest of the case (emphasis added).

No further proceedings were had in this case. Instead, on January 19, 1982, the court rendered final judgment awarding judgment to appellees on their claim to clear cloud on title, and denying all other relief. The judgment further recited that Producer's motion for a continuance was denied.

Producer's claims in three points of error on appeal that the trial court committed reversible error in failing to afford Producer's an opportunity to:

(1) present evidence in defense of the claim of cloud on title prior to the rendition of judgment against Producer's on that issue;

(2) present evidence in support of its counterclaim against Muegge and Holland for enforcement of the three promissory notes prior to the rendition of judgment against Producer's on that issue; and

(3) present evidence in support of its counterclaim against Muegge on the contract to pay money prior to the rendition of judgment against Producer's on that issue.

Producer's relies on Rules 262 and 265, Tex.R.Civ.P., in asserting that the denial of the opportunity to present evidence prior to the rendition of judgment against it constituted reversible error. It cites *Oertel v. Gulf States Abrasive Manufacturing*, 429 S.W.2d 623 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ); *Safway Scaffold Co. v. Safway Steel Products*, 570 S.W.2d 225 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); and *Fillion v. Osborne*, 585 S.W.2d 842 (Tex.Civ.App.—Houston [1st Dist.] 1979 no writ), as authority.

Producer's asserts that it complied with the provisions of Rule 377 Tex.R.Civ.P. in limiting the statement of facts presented on appeal, and that as a consequence,

there shall be a presumption that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal.... Tex.R. Civ.P. 377(d)

Appellees vigorously urge that because the record on appeal contains only a partial statement of facts, it is insufficient to enable this court to review the errors alleged.

The pertinent parts of Rule 377 Tex.R. Civ.P. are as follows:

(b) Abbreviation of Statement. *All matters not essential to the decision of the questions presented on appeal shall be omitted.* Formal parts of all exhibits and more than one copy of any document appearing in the transcript or the statement of facts shall be excluded. All documents shall be abridged by omitting

all irrelevant and formal portions thereof (emphasis added).

(c) Where a request is made of the official court reporter for the preparation of a transcript of all or any part of the evidence adduced on the trial of the case, or when, with or without such a request, a statement of facts is filed or offered for filing by appellant, the appellant shall promptly deliver or mail to the appellee or his counsel and file with the clerk of the court a designation in writing of the portions of the evidence desired, and shall specify the portions desired in narrative form, if any, and the portions desired in question and answer form, if any, and the portions that are desired to be omitted. Within ten days thereafter any other party to the appeal *may* file a designation in writing of any additional portions of the evidence to be included, specifying the portions desired in narrative form, if any, and the portions desired in question and answer form, if any (emphasis added).

(d) If appellant requests or prepares a partial statement ·of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Appellee *may* designate additional portions of the evidence to be included in the statement of facts (emphasis added).

The judgment contains findings of fact and conclusions of law that the assignment of notes relied on by Producer's in both its defense to appellees' cause of action and in its own counterclaim against Muegge and Holland, were void, and that it found "no other evidence" supporting relief on either appellees' claim for damages or on Producer's other counterclaim. The practical effect of such action by the trial court was equivalent to rendering a directed verdict in favor of appellees.

The direction of a verdict may be granted only when the movant is entitled to prevail as a matter of law, "a circumstance which rarely occurs before the non-movant has had an opportunity to offer evidence." *Safway, supra.* Appellate review, however, involves a consideration of all of the evidence which had been adduced when the motion was granted. *Holloway v. Har-Con Engineering Co.,* 563 S.W.2d 695 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

As we read Rule 377, appellant was not relieved of the burden of providing this court with a record containing all matters essential to decision of the questions presented on appeal. Appellant has not sustained this burden, and cannot, therefore, claim the benefit of the presumption afforded by Rule 377(d).

The action taken by the trial court might be considered presumptively prejudicial, were a complete record before this court. *Oertel, supra.* However, this court has no basis for reviewing the claim that the trial court's rendition of judgment prior to hearing Producer's evidence, was, in fact, prejudicial. Absent a complete statement of facts, we have no way of determining whether, in light of the pleadings on file and the *evidence offered by the appellee at trial,* appellant was precluded, as a matter of law, from establishing a right to relief. *Safway, supra.* This being the case, we must presume that the trial judge had evidence before it which supports its findings of fact and conclusions of law. See, e.g., *Gordon v. Aetna Casualty & Surety Co.,* 351 S.W.2d 602 (Tex.Civ.App. —Eastland 1961, writ ref'd).

The appellant's three points of error are overruled.

The judgment is affirmed.