In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00121-CV

                                                ______________________________

 

 

 

                               IN THE INTEREST OF J.R.K., A CHILD

 

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 74125

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            At the May
2010 hearing on Glenna and Robert Kelley’s competing motions to modify the conservatorship
of their son J.R.K., Glenna reserved the right to submit evidence to the trial
court, if J.R.K. expressed to the trial court his desire to reside with
Robert.  At that time, however, J.R.K.
expressed his preference to live with Glenna, and the trial court ruled
accordingly.  Later, when J.R.K. had a
change of heart and the trial court reopened the evidence on Robert’s motion, a
new hearing was held in August 2010, at which J.R.K. expressed his desire to
live with Robert, and Glenna sought, but was denied, the right to submit
evidence of why she should continue to be the custodial parent.  From the trial court’s order permanently
changing custody in Robert’s favor, Glenna appeals, attacking both the sufficiency
of the evidence and the trial court’s denial of her request to submit evidence
at the August hearing.  Because denying
Glenna the right to submit evidence was error, we reverse the order and remand
this matter to the trial court for further proceedings in accordance with this
opinion.

            At the
original May 2010 hearing, both parties agreed that the trial court should
visit with eleven-year-old J.R.K. in chambers to determine his wishes.  Robert agreed to abide by the child’s wishes
concerning conservatorship.[1]  Before the trial court’s interview with
J.R.K., Glenna indicated that, if J.R.K. expressed a desire not to live with
her, she desired to present evidence showing why she should be awarded custody
in spite of such an opinion.[2]  J.R.K. did, in fact, indicate that he wished
to reside with Glenna,[3]
thus precluding Glenna’s need to offer testimony regarding
conservatorship.  The trial court orally
ruled that Glenna and Robert would be joint managing conservators, with Glenna
having the right to determine J.R.K.’s primary place of residence.[4]  

            Almost
twelve weeks later, while the order from the earlier hearing remained unsigned,
Robert filed a motion to reopen the evidence based on J.R.K.’s statement to
Robert that he wanted to live with him.[5]  Pursuant to the request to reopen the evidence,
the trial court interviewed J.R.K. a second time.  Although there is no record of a hearing at
the time of the second interview, it is apparent the trial court changed its
custody decision in favor of Robert at that time.  This fact was clarified at an August 29
hearing, the purpose of which (both parties believed) was to offer evidence
regarding conservatorship.[6]  The trial court indicated that it previously
reopened the evidence (at the prior hearing for which there is no record),
interviewed J.R.K., and made a permanent change of custody in favor of Robert
at that time.  The trial court reopened
the evidence for the sole purpose of conducting a second interview with
J.R.K.  The final order thereafter
awarded Robert the exclusive right to designate the primary residence of
J.R.K.  

            A trial
court’s modification of conservatorship is reviewed for abuse of discretion.  In re P.M.B., 2 S.W.3d 618, 621 (Tex. App.—Houston [14th Dist.] 1999, no
pet.).  It is an abuse of discretion for
a trial court to rule without supporting evidence.  Id. (citing Gen. Tire, Inc. v. Kepple,
970 S.W.2d 520, 525 (Tex. 1998)).

            The rules of
procedure in cases affecting the parent-child relationship are the same as
those in civil cases generally.  Tex. Fam. Code Ann. § 105.003(a) (West
2008).  Because the competing motions for
modification were considered jointly at the final hearing (as extended by the
subsequent reopening of the evidence) both Glenna and Robert had the burden to
prove their competing claims.  See Tex.
R. Civ. P. 262, 265(b).  Glenna
was entitled to the opportunity to introduce evidence.  See Tex. R. Civ. P. 265(d).  In a suit seeking to modify the parent-child
relationship, the proponent must establish that modification would be in the
best interest of the child and:

(1) the circumstances of the child, a
conservator, or other party affected by the order have materially and
substantially changed since the earlier of:

 

            (A)
the date of the rendition of the order; or

 

            (B)
the date of the signing of a mediated or collaborative law settlement    agreement on which the order is based;

 

(2) the child is at least 12 years of age and
has expressed to the court in chambers as provided by Section 153.009 the name
of the person who is the child’s preference to have the exclusive right to
designate the primary residence of the child; or

 

(3) the conservator who has the exclusive right
to designate the primary residence of the child has voluntarily relinquished
the primary care and possession of the child to another person for at least six
months.

 

Tex. Fam. Code Ann.
§ 156.101 (West Supp. 2010).

 

            In response
to Glenna’s claims that she was not afforded the opportunity to present
evidence, Robert contends the trial court heard ample evidence at the temporary
hearing and again at the final hearing to permit a ruling on modification.[7]  Robert cites testimony from the temporary
hearing, but does not claim such evidence supports either a material and
substantial change in circumstances or the best interests of the child.  Moreover, this testimony was not introduced
or admitted as evidence at the final hearing. 
Accordingly, the evidence from the hearing on temporary orders could
neither be considered by the trial court in reaching its final orders, nor by
this Court on reviewing the final order. 
In re M.B.D., No.
06-10-00015-CV, 2011 WL 1709895, at *2 (Tex. App.—Texarkana May 6, 2011, no
pet.) (mem. op.); May v. May, 829
S.W.2d 373, 376 (Tex. App.—Corpus Christi 1992, writ denied).

            Robert
further contends that evidence at the final hearing supports the modification
order.  Robert testified that he is now
married and has a new baby.  Further,
J.R.K. was close to Robert’s family, who live in the area.  Glenna was considering a move in order to
increase her income and had spoken to J.R.K. about the case.  Robert had no intent to move from the area or
to change J.R.K.’s school.  Robert was
steadily employed, had a close relationship with his son, and J.R.K. wanted to
live with him.  Robert maintains that
this evidence represents a material and substantial change in the circumstances
of the parties since the decree of divorce was entered.  Robert further contends that the modification
is in the child’s best interests, because the split time possession schedule
was not a workable arrangement for J.R.K. 
Glenna talked to the child about custody and did not tell him of her
desire to move from the area.  On the
other hand, Robert claims that, because he is now remarried, has a new baby,
intends to live in the same place, and has a large family in the area with whom
J.R.K. is close, the modification is in J.R.K.’s best interests.

            Robert cites
the foregoing testimony in support of his contention that the trial court did
not make a ruling without hearing evidence and that this evidence is both
legally and factually sufficient to support the judgment.  Indeed, the trial court had before it the
foregoing evidence in advance of its ruling. 
Glenna complains, however, that she was denied the opportunity to
present her own evidence regarding conservatorship.  Glenna’s brief testimony at the earlier
hearing centered on geographical restrictions and child support.  This testimony was offered only after the
trial court made a ruling on the record that primary conservatorship would be
with Glenna.  In advance of that ruling,
Glenna had expressly reserved her right “to put on evidence as to why he ought
to be with mom rather than dad,” if J.R.K. had indicated he wanted to reside
with his father.  Once the trial court
ruled in her favor, there was no need for Glenna to offer such evidence.

            When the
evidence was reopened for the purpose of a second interview by the trial court
with J.R.K., Glenna was denied the opportunity to present evidence regarding
conservatorship.  At the August hearing,
the following exchange took place between counsel for Glenna and the trial
court:

            [Attorney for Petitioner]:  We had an agreement back in May, that
agreement covered everything from custody to the motion to enforcement and contempt.  Since that agreement is blown out of the
water now, and you said you would allow them to reopen, then we’re prepared to
put on evidence of our motion for enforcement and contempt.  We also wanted to put on evidence in response
to their motion to reopen.

 

            .
. . .

 

            THE
COURT:  My position is that - - when I
talked to the child, I made the permanent change at that time.     

 

            [Attorney
for Petitioner]:  That was not the way I
understood that, Judge.

 

            .
. . .

 

            THE
COURT:  As far as I’m concerned, I’m
ready to sign a final order.    

 

            After this
hearing, Glenna filed a formal bill of exception, setting forth the testimony
she would have given if provided the opportunity to do so.  After a brief hearing with respect to this
formal bill, the trial court denied the bill.[8]  In an evidentiary context, a bill of
exception is to tender evidence for the record when a trial court refuses to
admit evidence and counsel then provides that evidence for appellate review.  See Tex.
R. App. P. 33.2.  For a bill of
exception, the evidence must have been presented to the trial court at trial or
no error is shown.  Spivey v. James, 1 S.W.3d 380, 385 (Tex. App.—Texarkana 1999, pet.
denied); Clone Component Distribs. of Am., Inc. v. State, 819 S.W.2d 593, 596–97
(Tex. App.—Dallas 1991, no writ) (bill of exception must show evidence was
actually offered and excluded).  Here,
the proffered testimony was not actually offered and excluded.  While there was a request to present
testimony, the trial court did not hear the proffered testimony before
excluding it.  Rather, the trial refused
Glenna’s request to testify.  In this
case, the filing of a formal bill of exception was unnecessary.

            Normally, a
complaint regarding the exclusion of evidence can be made on appeal only if the
appellate record reflects the substance of the excluded evidence.  Tex.
R. Evid. 103(a)(2).  This can be
done through a formal or an informal bill of exception (offer of proof).  See
Bobbora v. Unitrin Ins. Servs., 255
S.W.3d 331, 335 (Tex. App.—Dallas 2008, no pet.)  This rule does not apply, however, when the
trial court refuses to permit the appellant to present any evidence.  See
Producer’s Constr. Co. v. Muegge, 669 S.W.2d 717, 719 (Tex. 1984); Safway Scaffold Co. of Houston, Inc. v.
Safway Steel Prods., Inc., 570 S.W.2d 225, 229 (Tex. App.—Houston
[1st Dist.] 1978, writ ref’d n.r.e.). 
When the appellant is not allowed to present any evidence at trial and
the appellant objected to this action, there is no necessity for a bill of
exception.  Safway Steel Prods., Inc.,
570 S.W.2d at 229.

            Here, once the trial court reopened
the evidence and J.R.K. opted for Robert, Glenna sought, but was denied, the
right to submit evidence on point.[9]  We hold that the trial court thus erred in
denying Glenna the opportunity to present evidence in support of her
motion.  See Tex. R. Civ. P.
262, 265.  We need not address the issue
of whether the trial court abused its discretion based on the alleged legal and
factual insufficiency of the evidence.[10]

            We reverse
the trial court’s order and remand to the trial court for further proceedings
consistent with this opinion.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          June
24, 2011  

Date Decided:             July
8, 2011

 

 











[1]Robert’s
attorney made the following statement to the trial court:  “[W]e have a split-time arraignment
[sic].  Both parties have filed for the
custody.  Like I said, he’s now 11 years
old.  Whatever he wants to do, my client
said is fine.”  

 





[2]Glenna’s
attorney stated, “I think everybody anticipates that he’s going to say he wants
to live with mom.  If, for some reason,
he doesn’t say that, then I’m going to have to be in the position of having to
put on evidence as to why he ought to be with mom rather than dad.”  

 





[3]The
remainder of the hearing centered on whether Lamar County residency
restrictions should remain in place for Glenna and whether Robert’s child
support payments should be modified.

 





[4]Robert
was granted visitation in accordance with the standard possession order.  The trial court increased Robert’s child
support payments and denied Glenna’s request to lift the Lamar County residency
restriction.  

 





[5]Glenna
opposed the motion to reopen, claiming the request was not the result of new
evidence or an inadvertent mistake. 
According to Robert’s affidavit, J.R.K. had a change of heart.  The timing of this change coincided with
Robert’s extended summer possession period with J.R.K. 

 





[6]Counsel
for Robert stated, “We had a hearing a few months ago and changed custody to
the mother.  Subsequent to that time, we
filed a motion to reopen.  You
interviewed the child again.  He wanted
to live with the father.  You switched it
back to the father.  Mr. Starnes, at that
time that we had that hearing on the motion to reopen, asked to put on evidence
to you.  And I believe that’s what we’re
here about today.”  





[7]Robert
further contends Glenna could have presented her evidence at the final hearing,
but failed to do so.  Robert does not
claim Glenna waived her right to offer evidence.





[8]Counsel
for Robert objected to the formal bill of exception, contending that the trial
court could not know what Glenna’s testimony would have been.  The trial court then stated, “I’m going to
deny it.”  

 





[9]Glenna
had no opportunity to offer evidence of a material and substantial change of
circumstance or why it was in the child’s best interests to live with her.

 





[10]Counsel
for Glenna indicated at the August hearing that there was an agreement that
Glenna be named joint managing conservator with the exclusive right to
determine the child’s primary residence and that, in exchange, neither party
would pursue their respective motions for enforcement.  No such agreement was dictated into the
record.  Even though Glenna also filed a
motion for enforcement of back due child support, she does not claim on appeal
that she should be entitled to present evidence regarding that issue.